New Jersey Department of Labor,
Workmen's Compensation Bureau.

MARY KOLARZ, PETITIONER, v. ALBERT SILK COMPANY, RESPONDENT.

\* \* \* \* \* \* \*

2. The above-entitled matter came on for hearing before me on January 24th, 1929, and was continued at various adjourned dates until concluded.

3. It appeared from the testimony in this case that the decedent, John Kolarz, on July 6th, 1928, was employed by the respondent at its place of business in Paterson, New Jersey, as a weaver. The decedent died on July 18th, 1928, from an obstruction of the intestine which followed an operation for a bilateral hernia. The petitioner attempted to prove that the decedent, her husband, sustained the bilateral hernia as a result of an accident arising out of and in the course of his employment with the respondent, and that his death followed the operation for the hernia.

The petitioner introduced evidence to show that the decedent on July 6th, 1928, was lifting a warp which weighed approximately two hundred and fifty pounds; that after he put the warp down he appeared to be in pain, became pale and sat on a bench alongside of the loom for about five minutes. The decedent then went to the office of the respondent and shortly thereafter dressed and left the respondent's place of business. The decedent at the time of the alleged accident resided at Clifton, New Jersey. There was testimony, introduced by the petitioner, that the decedent arrived home at Clifton at four-thirty o'clock in the afternoon, and that he

came by way of a street car from Passaic. Dr. Weinert, who treated the decedent, stated that he saw him in his office on the day of the alleged accident between six-thirty and seven P. M. Two other witnesses for the petitioner testified that they saw the decedent at a bus station in Passaic at about four-fifty P. M. The petitioner and her two daughters testified that the decedent did not leave his home after the alleged accident until he went to the hospital two days later.

Dr. Weinert testified that he saw the decedent on July 6th, 1928, at his office, between six-thirty and seven in the evening; that he examined him and found that his physical condition was entirely negative, except that the inguinal rings on both sides were dilated and there was a pulsation of the gut against the finger when he coughed; that at that time the decedent had a bilateral hernia. On cross-examination he testified that the gut did not protrude except when the decedent coughed. He also testified that the decedent was operated on for the hernia three days after the alleged accident and that the operation showed he had relaxed abdominal rings with small sacs on both sides. Subsequent to the operation for the hernia an obstruction developed in the intestine of the decedent and an operation was performed to relieve this condition. The obstruction of the intestine caused the death of the decedent. Dr. Weinert, on cross-examination, stated that he believed that had the decedent not been oprated on, possibly the obstruction would not have occurred.

Dr. McGuffy testified that he did not see the decedent until he was brought into the hospital and his testimony of the decedent's condition at that time corroborated that given by Dr. Weinert. When he examined the decedent he found that the gut was in the canal between the outer and inner rings and protruded when the decedent coughed.

The respondent produced evidence to show that the decedent did not have any accident on July 6th, 1928; that he continued working until five o'clock, the usual quitting time, and that he walked down four flights of stairs to the street and walked with a fellow employe for several blocks, where he boarded a street car for Passaic.

There was a sharp conflict between the testimony of the petitioner and respondent as to whether or not the decedent had an accident as alleged by the petitioner and whether or not the decedent ceased work immediately. There was a conflict between the petitioner's own witnesses. A daughter of the petitioner testified that the decedent arrived home at four-thirty and did not leave his home after that time. The decedent's doctor testified that he was at his office between six-thirty and seven that evening and two other witnesses testified that he was in Passaic at four-fifty o'clock.

The respondent also produced Drs. Russell, Brothers and Clay, who testified that in their opinion there was no descent of the hernia if the protrusion occurred only when the decedent coughed. The doctors testified that in their opinion this condition was a potential hernia and that it was a condition often found in individuals who have relaxed inguinal rings.

I called Dr. Schultz, who is associated with the department of labor in Paterson, on my own behalf, and he testified that in his opinion, if the protrusion of the gut was in the canal between the inner and outer rings, then there was not a descent, but at the most a partial descent.

The doctors produced by the respondent also testified that obstructions following a hernia operation were unusual and that it would have been possible for the obstruction to have occurred even though the decedent had not been operated on for a hernia.

The hospital record which was put in evidence showed that Dr. Weinert had treated the decedent prior to the operation for the hernia for abdominal discomfort and eructation. Dr. Weinert testified that this condition had existed over three weeks to a month prior to the alleged accident.

4. There is no proof in this case of a traumatic hernia and, therefore, to recover the petitioner must prove by conclusive evidence the five points set forth in the statute. I am satisfied that the petitioner has failed to prove the first point which provides: "The descent of the hernia immediately followed the cause." Dr. Weinert is the only doctor who saw

the decedent a short time after the alleged accident. On the evidence introduced by the petitioner, the accident occurred between three and four in the afternoon. Dr. Weinert saw the decedent between six-thirty and seven that evening. At that time there was no protrusion of the gut. It was only when the decedent coughed that an impact could be felt against the doctor's fingers. Dr. McGuffy, of course, did not see the decedent until several days after the alleged accident.

Drs. Russell, Brothers, Clay and Schultz all testified that in their opinion, based on the testimony of Dr. Weinert, there was no descent of the hernia at any time. It therefore appears that the petitioner has failed to prove conclusively that there was an immediate descent of the hernia following the cause.

There is also a dispute in the testimony whether or not there was any accident and whether or not the decedent ceased work immediately. The respondent contends that the cause of death was not a proximate result of the bilateral hernia. It is not necessary, however, to pass on this point because, assuming that it was, still the petitioner has failed to prove conclusively the five points set out in the statute.